**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERNIE LOPEZ, et al., ) | Case No.: 1:13-cv-01725 LJO JLT |
| Plaintiffs, ) | |
| ) | ORDER AFTER INFORMAL TELEPHONIC |
| v. ) | CONFERENCE RE MISSING WITNESSES |
| ) | |
| CITY OF BAKERSFIELD, et al., ) | (Doc. 34) |
| ) | |
| Defendants. ) | |

At the request of counsel, on November 6, 2014, the Court held an informal telephonic conference to address several discovery issues. In particular, counsel advised the Court that a number of witnesses identified on the parties' Rule 26 disclosures had not been located. At the conference, counsel agreed that they would make diligent efforts to locate the witnesses and would provide updated contact information to their opponent immediately upon discovery. Thus, the Court issued the order, dated November 6, 2014, which read:

> No later than **December 8, 2014**, counsel **SHALL** file a joint statement setting forth their efforts to locate the 10 witnesses whose whereabouts are currently unknown. Likewise, Plaintiffs' counsel **SHALL** report on the efforts to locate the plaintiffs. The Court anticipates that in advance of the preparation of the joint report, defense counsel will have completed a "diligent search" [footnote] for the witnesses and plaintiffs' counsel will have completed a "diligent search" for the witnesses and for the plaintiffs. In the event the efforts to locate the plaintiffs are unsuccessful, counsel SHALL report also as to how they intend to proceed.

(Doc. 25 at 1-2, footnote omitted) The Court clarified, "By "diligent search" the Court means that all reasonable efforts to locate these individuals have been exhausted. In the event that any witness

1

1    is located in this process or at any other time, the parties are reminded of their continuing
2    obligations to supplement their Rule 26 disclosures and are specifically ORDERED to provide
3    location information to opposing counsel as soon as the information is located." Id. at 2.
4         On December 8, 2014, the parties submitted a joint report in which Defendants set forth the
5    efforts of their process server to locate the missing witnesses. (Doc. 29 at 3-6) Except as to Jose
6    Sanchez, the process server went to the last known addresses and spoke to the current residents or
7    otherwise confirmed that the witnesses no longer lived at the locations. Id. As to Mr. Sanchez, it
8    appeared that he still lived at the address though he could not be found there. Id. at 5, 12.
9         Plaintiffs reported that because the witnesses were transient, their investigator, Manny
10   Lopez, had been unable to locate them though they offered no details explaining his efforts. (Doc.
11   29 at 3)
12        When the parties filed their joint mid-discovery status conference report on January 8,
13   2015, they continued to note that 10 of the witnesses were still missing. (Doc. 32 at 2) However,
14   the parties reiterated their commitment "to make diligent efforts to locate the 10 missing
15   witnesses." Id.
16        At counsel's request, on February 20, 2015, the Court held a further informal conference
17   regarding the missing witnesses. At the hearing, Plaintiffs' counsel reported that they had
18   attempted to locate the witnesses, though the details as to the efforts that had been made and
19   whether these efforts had been directed toward locating all of the missing witnesses, was not
20   known to counsel. However, they stated an objection to having to expend resources to locate the
21   witnesses in that they were "comfortable" with the witness statements their investigator had
22   received early in the process. Exactly how this translates to admissible evidence was not made
23   clear. Indeed, given the transitory nature of the witnesses' housing arrangements, memorializing
24   their testimony in admissible format would seem to be of great concern to all of the parties because
25   even if they can be located soon, there can be no confidence they will locatable for trial.
26        Defendants noted they had made diligent efforts—as detailed in the joint report filed in
27   December—and had been able to locate another witness. They requested permission to file a
28   motion to compel to exclude the witnesses at trial.

The Court authorized a motion to compel but also authorized deferral of the issue to be made as a pretrial motion to allow additional time to locate the witnesses.  In the event the witness was found prior to that time, the Court indicated it would allow a motion to seek leave to depose the witnesses beyond the discovery deadline.

Alternatively, the parties suggested amendments to the case schedule as a possible solution, though the Court declined to consider it at that time, given the insufficiency of the showing of good cause. In any event, based upon the foregoing, the Court **ORDERS**:

1. Counsel may seek amendment to the case schedule but are reminded of their obligation to set forth facts in the request to demonstrate that good cause exists to makes the changes.  If they will rely upon the failure to locate the witnesses as grounds, they SHALL demonstrate why efforts were not made earlier and why they believe renewed efforts will result in locating them.  They are strongly discouraged, if at all possible, from seeking to amend the dates related to dispositive motions, the pretrial conference and the trial;

2. Counsel are **strongly urged** to make consistent, exhaustive efforts to locate the missing witnesses.  It is unlikely the Court will be inclined to allow the testimony of witnesses at trial who have been difficult to locate, if efforts to locate them are delayed until just before trial.

IT IS SO ORDERED.

Dated:   **February 20, 2015**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE